# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

MARTEZ MITCHEL,                )
                               )        Case Nos. 1:11-cr-58, 1:14-cv-55
    *Petitioner*,              )
                               )        Judge Travis R. McDonough
v.                             )
                               )
UNITED STATES OF AMERICA,       )
                               )
    *Respondent*.              )

---

## MEMORANDUM OPINION

---

Petitioner Martez Mitchell ("Petitioner"), a federal prisoner, timely filed a *pro* se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "2255 Motion") (Doc. 52).[1] The government has responded (Doc. 55), and Petitioner filed a reply (Doc. 56). Petitioner was convicted by a jury for possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) and for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Petitioner asserts his trial counsel was constitutionally ineffective in violation of the Sixth Amendment of the United States Constitution. For the reasons that follow, the Court finds an evidentiary hearing is not necessary and will **DENY** Petitioner's motion.

---

[1] All citations to the district court record are to the docket of Case No. 1-11-cr-58, which is the underlying criminal case.

## I.   STANDARDS OF LAW

### A.  Threshold Standard

Under 28 U.S.C. § 2255(a), a federal prisoner may make a motion to vacate, set aside, or correct his judgment of conviction and sentence, if he claims that the sentence was imposed in violation of the Constitution or laws of the United States; that the court lacked jurisdiction to impose the sentence; or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. As a threshold, to obtain post-conviction relief under § 2255, a motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A petitioner bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley,* 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993). To obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, the attached exhibits, and the record of the prior proceedings that the movant is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states "only bald legal conclusions with no supporting factual allegations.") (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)).  If the motion is not summarily dismissed under Rule 4(b), Rule 8

requires the court to determine, after a review of the answer and the records of the case, whether

an evidentiary hearing is required. If a petitioner presents a factual dispute, then "the habeas

court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v.*

*United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d

325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations

cannot be accepted as true because they are contradicted by the record, inherently incredible, or

conclusions rather than statements of fact." *Valentine*, 488 F.3d at 333 (quoting *Arredondo v.*

*United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

### B. Standard for Ineffective Assistance of Counsel

Petitioner's motion asserts that he received ineffective assistance of counsel. Ineffective

assistance of counsel is a recognized constitutional violation that, when adequately shown,

warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S.

668, 687 (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C.

§ 2255. *Huff,* 734 F.3d at 606. That test provides that, to demonstrate a violation of the Sixth

Amendment right to effective assistance of counsel, "a defendant must establish that his

attorney's performance was deficient and that the deficient performance prejudiced the defense."

*Id*. (citing *Strickland*, 466 U.S. at 687).

The first prong requires a petitioner to show his attorney's performance was deficient by

demonstrating that counsel's "representation fell below an objective standard of reasonableness."

*Strickland*, 466 U.S. at 688. Stated another way, the petitioner must show "that counsel made

errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by

the Sixth Amendment." *Id*. at 687. The Supreme Court "has declined to articulate specific

guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure

of attorney performance remains simply reasonableness under prevailing professional norms."

*Huff*, 734 F.3d at 606 (alterations in original) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521

(2003)).  A reviewing court must be "highly deferential" to counsel's performance, because

> [a] fair assessment of attorney performance requires that every
> effort be made to eliminate the distorting effects of hindsight, to
> reconstruct the circumstances of counsel's challenged conduct, and
> to evaluate the conduct from counsel's perspective at the time.
> Because of the difficulties inherent in making the evaluation, a
> court must indulge a strong presumption that counsel's conduct
> falls within the wide range of reasonable professional assistance;
> that is, the defendant must overcome the presumption that, under
> the circumstances, the challenged action "might be considered
> sound trial strategy.

*Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Even if a petitioner is successful in overcoming that presumption, he must still satisfy the

second prong of the *Strickland* test—prejudice.  A petitioner must show not only that his counsel's

representation was objectively unreasonable, but also that he was prejudiced by counsel's

deficiency because there exists "a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." *McPhearson v. United States*, 675

F.3d 553, 563 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694).

Although the *Strickland* Court emphasized that both prongs must be established in order

for the petitioner to meet his burden, it held there is no reason for a court deciding an ineffective

assistance claim to approach the inquiry in the same order or even to address both components of

the inquiry. *Strickland*, 466 U.S. at 697.  "If it is easier to dispose of an ineffectiveness claim on

the ground of lack of sufficient prejudice, which we expect will often be so, that course should

be followed." *Id.*

## II. FACTUAL AND PROCEDURAL BACKGROUND

On October 15, 2010, officers with the Chattanooga Police Department ("CPD") executed

a search warrant at Petitioner's residence. When they arrived, they found Petitioner seated with

three other men at a table in the kitchen playing poker. During a search of the residence, police

recovered a loaded Glock 9mm pistol, approximately two pounds of marijuana, digital scales,

and cash. Subsequently, on June 28, 2011, a federal grand jury charged Petitioner with

possessing with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D)

(Count One), and possessing a firearm in furtherance of a drug trafficking crime, in violation of

18 U.S.C. § 924(c) (Count Two) (Doc. 1, Indictment). On July 5, 2011, he was arrested and

questioned by federal agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives

("ATF") and CPD Detective Jeff Lancaster.

At Petitioner's trial, CPD Det. Lancaster and CPD Det. Lee Wolff testified that, when they

went to execute the search warrant on October 15, 2010, they found in Petitioner's bedroom a set

of scales, cash, three baggies of marijuana on the dresser, a quarter pound of marijuana in a pair of

jeans in the closet, and a Glock 9mm pistol in plain view on the bed. (Doc. 49, Trial Tr., Det.

Lancaster at 13, 23, 27-28, 36, 45; Det. Wolff at 120-21). Police later determined Petitioner

possessed a valid permit for the Glock (Doc. 49, Trial Tr. at 23). Det. Lancaster and ATF Agent

Warren Smith testified at trial that, before questioning Petitioner following his arrest in July 2011,

Agent Smith gave Petitioner his *Miranda* warnings orally and in writing and that Petitioner signed

a *Miranda* waiver form waiving his Fifth and Sixth Amendment rights before giving his

statements (Doc. 49, Trial Tr., Det. Lancaster at 34-35, 46; ATF Agent Smith at 60). The waiver

form with Petitioner's signature was admitted into evidence at trial (Doc. 49, Trial. Tr. at 35).

According to the agents' trial testimony, Petitioner then gave a statement to them

admitting he had been selling marijuana; in the past three years he had purchased approximately

50 pounds of marijuana for resale; and he had the Glock for the purpose of protecting his

5

marijuana and money from intruders.  At trial, Petitioner denied that he had made those statements

and testified that the marijuana found in the house on October 15, 2010, belonged to a friend.  He

further testified that the reason he possessed a firearm, for which he had a valid permit, was

because he liked firearms.  He also testified that when police executed the search warrant, his

Glock was on the floor in the kitchen where the Petitioner was playing poker with friends and that

police moved his Glock from the kitchen to the bedroom to make it appear that he was using the

Glock in furtherance of a marijuana distribution business.

During trial, Petitioner's counsel presented as witnesses the three men who had been

playing poker at the table with Petitioner in the kitchen when police arrived to serve the search

warrant on October 15, 2010.  Each of these witnesses testified that Petitioner's gun was lying on

the floor of the kitchen near Petitioner when police arrived (Doc. 49, Trial Tr. at 69-70; 79-80; 87-

88).  Petitioner proceeded to trial in December 2011 and was  convicted as charged (Doc.  29 and

30, Courtroom Minutes; Doc. 32, Verdict).

Based upon the marijuana found inside his residence, as well as his confession,

Petitioner was  deemed responsible for 40 to 50 pounds of marijuana, which equaled 20.412 to

22.68 kilograms  of marijuana and yielded a base offense level of 18 for the drug offense[2]

(Presentence Report  ("PSR") at ¶¶ 11, 17).  Two levels were added for obstructing justice

based on Petitioner's trial  testimony, resulting in a total offense level of 20 (*Id.* at ¶¶ 20, 21).

With a criminal history  category of I, Petitioner's advisory Guidelines range for the drug

offense was 33 to 41 months; however,  because his § 924(c) conviction mandated a

---

[2] Counts One and Two were not grouped because 18 U.S.C. § 924(c) requires its sentence  to
be served consecutively to any other sentence imposed.  Moreover, the existence of a statutory
mandatory minimum for violating § 924(c) exempted Petitioner from the otherwise-applicable
Guidelines enhancement for possessing a dangerous weapon (*See* PSR at ¶ 18).

consecutive five-year sentence, his effective Guidelines range was 93 to 101 months (*Id.* at ¶ 58). Petitioner, through counsel, objected to the PSR, claiming that he had never confessed to purchasing marijuana, that law enforcement agents had moved his Glock firearm from the kitchen to the bedroom, and that he had not committed perjury at trial (*See generally* PSR Addendum). During the sentencing hearing, Petitioner himself conceded that the precise location of the firearm was irrelevant to the calculation of the applicable Guidelines range because the jury had convicted him of the § 924(c) count, which carried a predetermined, statutorily-mandated sentence (Doc. 50, Sentencing Hr'g Tr. at 6). Petitioner persisted in his challenges to the drug quantity and the obstruction enhancement for perjury (*Id.* at 4-5.) The Court rejected Petitioner's objection to the drug quantity, "credit[ing] the agent's testimony" at trial, but noted that it was unable to identify any "specific statements" by Petitioner that constituted perjury since the Court did "not have a perfect recollection of what took place" at trial (*Id.* at 12). The Court offered to continue the hearing so that a transcript could be prepared and the enhancement could be proven; however, the government noted that the enhancement only increased Petitioner's Guidelines range by six months and, in the interests of judicial economy, elected not to pursue the enhancement (*Id.* at 13).

Using a total offense level of 18, the Court recalculated Petitioner's Guidelines range as 27 to 33 months' imprisonment (or 87 to 93 months' imprisonment, if the statutorily-mandated consecutive term for the § 924(c) offense was included) (*Id.* at 14). Petitioner requested a downward variance and a total sentence of 60 months, noting that various letters submitted on his behalf revealed family and community support (*Id.* at 17). The government opposed any downward variance, and the Court ultimately declined to vary below the Guidelines range (*Id.* at 18-29, 38). After considering the § 3553(a) factors, the Court sentenced Petitioner, at the bottom of the Guidelines range, to an aggregate term of 87 months' imprisonment, *to wit*,

consecutive terms of 27 months on Count One and 60 months on Count Two (*Id.*; Doc. 45, Judgment).

Petitioner appealed, and the Sixth Circuit Court of Appeals affirmed his convictions and sentence on February 1, 2013 (Doc. 51, Order, *United States v. Mitchell*, Docket No. 12-5397 (6th Cir. Feb. 1, 2013)). Petitioner timely filed this 2255 Motion on February 20, 2014 (Doc. 52, 2255 Motion). On August 17, 2015, Petitioner's sentence was reduced from 87 months' imprisonment to 84 months' imprisonment pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 60, Order).

## III. ANALYSIS

Petitioner alleges five instances of ineffective assistance of counsel at various stages of the case, claiming that counsel failed to: (1) investigate and seek suppression of his confession; (2) investigate the location where the Glock at issue was originally found and whether law enforcement agents had moved it; (3) seek a judgment of acquittal on the § 924(c) charge; (4) object to an alleged "misapplication of the sentencing guidelines"; and (5) contest the drug quantity attributed to Petitioner at sentencing. This Court will address each issue in turn.

    1. <u>Was Counsel Ineffective for Failing to Investigate the Circumstances of Petitioner's Confession and Seek Suppression of his Confession?</u>

Petitioner asserts his counsel was constitutionally ineffective because he "failed to investigate . . . whether this Movant's Sixth Amendment rights under *Miranda v. Arizona* had been properly administered, and police procedure followed beforehand" (Doc. 52, 2255 Motion at 4). He also states that the officers were lying at trial about his statements regarding the Glock and, "[h]ad pretrial depositions been performed, counsel could have filed proper suppression motions" (Doc. 52, 2255 Motion at 4). Petitioner does not allege that he was questioned before he was given *Miranda* warnings, that he did not understand his *Miranda* warnings, or that he did

8

not waive his Fifth and Sixth Amendment rights before he spoke to police after his arrest on federal charges.

As an initial matter, it is well settled that a petitioner must set forth adequate facts which entitle him to relief. *See O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("When a motion is made to vacate or set aside a judgment under Section 2255, the movant must set forth facts which entitle him to relief."); *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (explaining that where "claims are stated in the form of conclusions without any allegations of facts in support thereof," a § 2255 motion is "legally insufficient to sustain review"); *Robinson v. United States*, 582 F. Supp.2d 919, 925 (N.D. Ohio 2008) ("A motion under § 2255 must consist of something more than legal conclusions unsupported by factual allegations."); *Mayes v. United States,* 93 F. Supp.2d 882, 887 (E.D. Tenn. 2000) ("When a petitioner files a Section 2255 motion, he must set forth facts which entitle him to relief. Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing.") (internal citation omitted); *United States v. Couch*, No. 2:10-cr-110, 2016 WL 4046972 *3 (E.D. Tenn. July 27, 2016) (same).

Here, Petitioner's motion does not allege any factual allegations which, if true, would entitle him to relief. He does not allege he was questioned before being advised of his *Miranda* warnings, nor he does allege he refused to waive his *Miranda* rights – all information which would have been available to Petitioner and his counsel without any investigation whatsoever. He has presented no basis for this Court to find that his trial counsel's performance was constitutionally deficient for not bringing a motion to suppress his statements or that Petitioner was prejudiced by his counsel's failure to do so. "[F]ailure to bring a meritless suppression motion cannot constitute ineffective assistance." *Brown v. McKee*, 231 F. App'x 469, 475 (6th

9

Cir. 2007) (quoting *United States v. Tisdale*, 195 F.3d 70, 73-74 (2d Cir. 1999)).

Petitioner's contention that law enforcement officers lied to the jury about what he told the police in July 2011, was not a proper subject for a motion to suppress. There is no factual basis for an argument that he was questioned without proper *Miranda* warnings or that he did not knowingly, intelligently, and voluntarily waive his *Miranda* rights before giving his statements. Moreover, trial counsel cross-examined the police officers at trial and Petitioner testified concerning his version of events, and the jury was free to decide which witnesses to believe.

Finally, Petitioner complains his counsel was ineffective for not taking pretrial depositions. However, under the Federal Rules of Criminal Procedure, there is no automatic right to depose a witness in a criminal case. Fed. R. Crim. P. 15(a)(1) provides in relevant part that "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances." Petitioner has made no allegations in his 2255 Motion which would have justified taking a deposition pursuant to Rule 15(a)(1) because law enforcement were present at trial to testify. In sum, Petitioner's 2255 Motion fails to make any allegations which, if true, would present "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McPhearson v. United States*, 675 F.3d 553, 563 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694).

2. <u>Was Counsel Ineffective for Failing to Investigate the Location of the Glock on October 14, 2010?</u>

Petitioner next asserts that counsel was ineffective for failing to investigate Petitioner's theory that "the police moved the firearm from the kitchen to the bedroom in order to support the Section 924(c) charge" and for allowing the government to present the perjured testimony of the

law enforcement agents regarding the Glock (Doc. 52, 2255 Motion at 5).

Counsel thoroughly cross-examined the agent who testified the gun was found in Petitioner's bedroom (Doc. 49, Trial Tr. at 43-44), and counsel elicited Petitioner's own testimony that the firearm had been on the kitchen floor at the time of the search (*Id.* at 92, 96). Counsel also introduced evidence from three other witnesses that Petitioner's gun was on the kitchen floor (*Id.* at 69, 79, 86-88). That counsel introduced such evidence at trial means that counsel necessarily investigated and obtained evidence to support Petitioner's claim that the firearm had been located in the kitchen, not the bedroom. The jury simply credited the agents' testimony over that of Petitioner and his witnesses. Moreover, Petitioner does not suggest what his counsel should have done specifically or what counsel could have discovered that would have affected the outcome of the trial. Accordingly, Petitioner cannot show he was prejudiced by counsel's investigation or lack thereof.

3. <u>Was Petitioner Ineffective for Failing to Object to a Misapplication of the Sentencing Guidelines?</u>

Petitioner next claims counsel was ineffective for not objecting to an alleged "misapplication of the sentencing guidelines" (Doc. 52, 2255 Motion at 7). According to Petitioner, cases with a § 924(c) conviction require that "two calculations . . . be performed (one with the Section 924 consecutive sentence, and one with the guideline enhancement)" (*Id.*) The record shows that the probation officer did calculate the offense level and corresponding Guidelines range for Petitioner's drug offense separately, then added the statutorily-mandated consecutive term for the § 924(c) count to yield the effective Guidelines range (PSR at ¶¶ 17-26, 58). The applicable Guideline states that "the sentence to be imposed on a count for which the statute specifies a term of imprisonment to be imposed and requires that such term of imprisonment be imposed to run consecutively to any other term of

11

imprisonment, shall be determined by that statute and imposed independently." U.S. Sentencing Guideline Manual § 5G1.2(a). Moreover, under 18 U.S.C. § 924(c)(1)(A)(i), a person who "uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime (i) be sentenced to a term of imprisonment of not less than 5 years. . . ." Thus, the trial court correctly calculated Petitioner's Guideline range. Consequently, Petitioner's counsel was not ineffective for failing to present a meritless objection to the sentence imposed in this case and Petitioner suffered no prejudice where no error was made.

4. <u>Was Counsel Ineffective for Not Making a Motion for Judgment of Acquittal at Trial?</u>

Petitioner faults counsel for not making a motion for judgment of acquittal for the section 924(c) gun charge pursuant to Fed. R. Crim. P. 29 at the close of the government's case-in-chief (Doc. 52, § 2255 Motion at 7). According to Petitioner, "the government completely failed to present sufficient evidence this Movant used or carried a firearm during and in relation to a drug trafficking crime (Doc. 52, 2255 Motion at 8). However, the government presented ample evidence that Petitioner carried a firearm in furtherance of a drug trafficking crime. The government presented Petitioner's own statements that he sold marijuana and used the Glock found in Petitioner's residence to protect his supply of marijuana and his money. The government also presented evidence that, at the time of the October 15, 2010, search, there was an amount of marijuana in Petitioner's bedroom indicative of distribution, not just personal use. In light of the evidence presented by the government, any Rule 29 motion filed by Petitioner's counsel following the government's case-in-chief would

12

have been meritless, and counsel cannot be found deficient for failing to file such a motion.[3]

Furthermore, the Sixth Circuit already determined on direct appeal that the evidence

was sufficient for Petitioner's convictions (Doc. 51, Order at 3, *United States v. Mitchell*,

Docket No. 12-5397 (6th Cir. Feb. 1, 2013)); consequently, Petitioner cannot show that he was

prejudiced by counsel's failure to file a motion for judgment of acquittal. *United States v.*

*Israel*, 133 F. App'x 159, 163 (6th Cir. 2005) (holding that because the Sixth Circuit has

"already concluded that there was sufficient evidence to support [Petitioner's] convictions, he

cannot meet the prejudice prong of *Strickland* by establishing that, but for counsel's

unprofessional errors, the result of the proceeding would have been different.")

    5.  <u>Was Counsel Ineffective for Failing to Object to the Drug Quantity Attributed to Petitioner at Sentencing?</u>

In Petitioner's last ground for relief, he asserts that "[i]n the indictment charging this

Movant with a violation of the federal drug statute, the amount involved in his criminal case

was that of approximately two (2) pounds," but at sentencing and in the Presentence Report his

base offense level was improperly calculated using a greater amount of marijuana. As a result,

the argument continues, Petitioner received a "much, much higher base offense level" than that

otherwise applicable had the procedures found in the Sentencing Guidelines, section 1B1.2

been followed." (Doc. 52-1). Petitioner does not elaborate as to what specific procedures were

not followed. Section 1B1.2 simply sets forth the procedure to assess a guideline range. This

section refers to Section 1B1.3 for relevant conduct. The Presentence Report treated the 50

pounds of marijuana Petitioner confessed to buying and distributing as relevant conduct (PSR

¶¶ 11, 17) under Section 1B1.3 and assessed a base offense level of 18 pursuant to the Drug

---

[3] While Petitioner denied making incriminating statements to police and testified at trial that the marijuana in the bedroom was not his and that he did not use his Glock in furtherance of drug trafficking, the jury, obviously, believed the government's witnesses, not Petitioner.

Table under Section 2D1.1(c)(11). The Court finds no error in this calculation and cannot fault Petitioner's counsel for failing to object to the manner in which Section 1B1.2 was applied.

To the extent Petitioner is asserting that his counsel should have objected to the application of 50 pounds of marijuana to his sentencing guideline range on the ground that he did not distribute that amount, his counsel did make that objection to the Presentence Report and during sentencing (*See* PSR Addendum at 1; Doc. 50, Sent. Tr. at 4-5; *see also* Doc. 51, Order at 2, *United States v. Mitchell*, Docket No. 12-5397 (6th Cir. Feb. 1, 2013)). Consequently, this ground for relief also lacks merit.

## IV. CONCLUSION

The Court has reviewed this 2255 Motion carefully and finds no merit in Petitioner's claims. For the reasons stated herein, the Court finds no evidentiary hearing for this motion brought pursuant to 28 U.S.C. § 2255 is necessary. The Court further concludes, on the basis of the record before it, that Petitioner is not entitled to relief. The 2255 Motion (Doc. 52) is therefore **DENIED**.

**AN APPROPRIATE ORDER WILL ENTER**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**